NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1290, -1315

Steven Chu, SECRETARY OF ENERGY,

Appellant,

v.

THE BOEING COMPANY
(Successor-in-Interest of Rockwell International Corporation),

Appellee.

---

THE BOEING COMPANY
(Successor-in-Interest of Rockwell International Corporation),

Appellant,

v.

Steven Chu, SECRETARY OF ENERGY,

Appellee.

Appeals from the Civilian Board of Contract Appeals in case nos. 337, 338, 339, and 978, Administrative Judge R. Anthony McCann.

ON MOTION

Before GAJARSA, PROST, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

## O R D E R

The Boeing Company (Successor-in-Interest of Rockwell International Corporation) moves to dismiss the above-captioned appeals for lack of jurisdiction and moves for costs. The Secretary of Energy opposes. Boeing replies.

Rockwell International Corporation entered into a contract with the Department of Energy (DOE) for the management, operation, and maintenance of the Rocky Flats Nuclear Weapons Plant. The contract provides that DOE will reimburse Rockwell for costs incurred in defending certain lawsuits. However, the contract further provides in clause 54(e)(32) that "[c]osts incurred in defense of any civil or criminal fraud proceeding or similar proceeding (including the filing of any false certification) brought by the Government where the Contractor . . . is found liable . . . to a charge of fraud or similar proceeding" are not allowable.

In July 1989, James Stone brought an action against Rockwell under the False Claims Act (FCA), alleging that Rockwell had misrepresented or failed to disclose certain environmental matters at Rocky Flats. The United States initially declined to intervene in the litigation. However, on November 14, 1995, the United States moved for leave to intervene. The United States' motion was granted, and the United States and Mr. Stone filed an amended complaint alleging violations of the FCA, common law fraud, breach of contract, payment by mistake, and unjust enrichment. Rockwell prevailed on all counts except for the FCA claims. A jury found Rockwell liable on three of the ten claims asserting FCA violations and found Rockwell not liable on all remaining claims.

DOE reimbursed Rockwell for all defense costs that Rockwell incurred up to the date that the United States filed its motion for leave to intervene, and deemed unallowable all defense costs incurred after that date. In May 2005, Boeing, Rockwell's successor, requested a contracting officer's decision on its claim in the amount of $11,344,081.14 for unreimbursed costs that Rockwell incurred in defending itself in the

Stone litigation. The contracting officer denied Boeing's claim in its entirety and determined that the United States has a claim against Boeing for $4,060,669.03 in previously reimbursed defense costs plus interest of $2,522,746.50. Boeing appealed.

On cross motions for summary relief concerning the meaning of contract clause 54(e)(32), the Civilian Board of Contract Appeals (CBCA) ruled that Boeing is entitled to recover the costs of defending itself in the Stone litigation on those counts and claims where it prevailed, but cannot recover the costs of defending itself against the FCA claims on which it was found liable. The CBCA requested and obtained briefing on whether Boeing is entitled to "common costs"—i.e., those costs that may be attributable to both claims where Boeing prevailed and claims where it was found liable. The CBCA's decision did not address these so-called "common costs." DOE appeals the CBCA's ruling, and Boeing cross-appeals.

Boeing argues that its claim for unreimbursed costs and DOE's claim for reimbursement of costs and interest constitute a single claim and that because the contracting officer decided both entitlement and quantum but the CBCA decided only entitlement, the CBCA's decision is not final and the appeals are premature. Boeing further argues that, even if its claim and DOE's claim are considered separate claims, the CBCA has not fully decided all issues relating to entitlement. Specifically, Boeing maintains that the CBCA failed to decide entitlement to common costs. Boeing also points to a footnote in the CBCA decision that states: "The issue in this case is the meaning of clause (e)(32). Other clauses in the contract may be applicable to the allowability of some or all of the claimed costs."

DOE responds that there were three separate claims involved in the contracting officer's decision: Boeing's claim, DOE's claim for reimbursement, and DOE's claim for interest. DOE further responds that the CBCA's decision is final because the contracting officer decided only entitlement with respect to Boeing's claim and the CBCA fully decided all issues relating to entitlement on that claim. DOE also contends that because the CBCA declined to adopt language proposed by Boeing that would have granted entitlement to common costs, we should read the CBCA's decision as rejecting Boeing's entitlement to such costs.

We have jurisdiction to review only final orders of agency boards of contract appeals. 28 U.S.C. § 1295(a)(10). Whether a board of contract appeals decision is appealable depends on "the scope and extent of the contracting officer's decision." Teller Envtl. Sys. Inc. v. United States, 802 F.2d 1385, 1389 (Fed. Cir. 1986).

In this case, the parties dispute whether the case involves a single claim or three separate claims. We need not decide whether the case involves a single claim or multiple claims, however, because even if there are multiple claims, the CBCA's decision on Boeing's claim did not fully decide entitlement. The contracting officer ruled that Boeing was not entitled to prevail on any part of its claim for $11,344.081.14 in unreimbursed costs that Rockwell incurred in defending itself in the Stone litigation. The CBCA disagreed, deciding that contract clause 54(e)(32) allows Boeing to recover costs of defending against claims on which it prevailed but not on which it was found liable. Importantly, the CBCA did not decide whether contract clause 54(e)(32) allows Boeing to recover common costs—i.e., costs incurred defending against both claims where it prevailed and claims where it was found liable. Under these circumstances, we

determine that the CBCA has not fully decided Boeing's entitlement to its claimed costs and thus that the CBCA's decision is not final.

With respect to Boeing's request for costs incurred for this appeal, although we determine that the CBCA has not issued a final decision, DOE had an arguable basis for suggesting otherwise. Thus, an award of costs is not warranted.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion to dismiss is granted.

(2)     The motion for costs is denied. Each side shall bear its own costs.

FOR THE COURT

MAR 22 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:     Domenique Kirchner, Esq.
        Richard J. Ney, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 22 2010

JAN HORBALY
CLERK

s17

ISSUED AS A MANDATE:     MAR 22 2010

2009-1290, -1315                    5